IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GARY TAYLOR KRUITBOSCH,<br><br>           Plaintiff,<br><br>vs.<br><br>STATE OF UTAH,<br><br>           Defendant. | Case No. 2:09-CV-168-CW-SA<br><br>**REPORT AND RECOMMENDATION** |

Before the court is a civil rights suit brought under 42 U.S.C. § 1983, filed by pro se Plaintiff Gary Taylor Kruitbosch. (Docket Entry #3.)  Plaintiff was granted leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.

Because Plaintiff is proceeding *in forma pauperis*, the court has screened his Complaint pursuant to 28 U.S.C. § 1915(e). Having reviewed Plaintiff's Complaint, the court recommends it be dismissed.

## ANALYSIS

### I.  Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim on which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him any opportunity to amend."  *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Id.* at 1110.  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting

factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). The requirement of plausibility serves "not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 1247. In addition, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges three causes of action stemming from his state criminal conviction. First, Plaintiff challenges the guilty plea he entered in a case in which he was charged with the sexual abuse of a child. As support for this

claim, Plaintiff argues he never told the court to what he was pleading guilty, and therefore the plea was entered improperly. Second, Plaintiff alleges ineffective assistance of counsel.  In support of this claim, Plaintiff alleges that he tried to fire his appointed attorney several times during the underlying case, but that the appointed attorney refused to withdraw from the case and leave Plaintiff alone.  Plaintiff also argues the appointed attorney failed to raise Plaintiff's mental illness to the court in the underlying case.  Third, Plaintiff alleges he was not mentally competent to enter a plea of guilty in the underlying case.  In support of this third claim, Plaintiff states that he spent fifteen years in the Utah State Prison for a crime he did not commit, that he was misdiagnosed by the Utah Department of Corrections, and that he now must register as a sex offender.

    Plaintiff's Complaint names the State of Utah as the only defendant in the case.  Plaintiff seeks (1) to have the underlying criminal case reversed and dismissed with prejudice; (2) to have all evidence associated with the case, such as DNA and fingerprints, destroyed, and (3) to have the Court issue an order that he does not have to register as a sex offender.

### III. Failure to State a Claim

#### A.  Improper Defendant

Plaintiff has brought this § 1983 action against the State of Utah; however, the State of Utah has not waived its Eleventh Amendment immunity in actions of this type and is not considered a "person" within the meaning of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-71 (1989).  As a result, Plaintiff has not presented a viable § 1983 claim because he has not named a "person," within the meaning of § 1983, as a defendant to this action.

#### B.  *Heck* Doctrine

Even if Plaintiff could amend his Complaint to name a defendant who is defined as a "person" within the meaning of § 1983, Plaintiff still could not state a viable claim for relief under § 1983.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 suit cannot be used to undermine the validity of one's conviction or confinement.  *Id.* at 480-82.  In its holding, the Court explained that, in order to obtain the requested relief for an allegedly unconstitutional conviction or imprisonment, a plaintiff in a § 1983 action "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by

a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.

Plaintiff requests to have "his entire criminal case overturned/dismissed with prejudice," have "all DNA, fingerprints, etc. destroyed," and received "an order from the court that he does not have to register as a sex offender." (Plaintiff's Complaint, Docket Entry #3, at 6-7.) As such, he seeks to undermine the validity of his conviction, as prohibited under *Heck*. *See Heck*, 512 U.S. at 486-87. Plaintiff has not proven "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Thus, the Court concludes that Plaintiff's claims are barred under *Heck* and Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

## RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

6

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  *See* 28 U.S.C § 636(b)(1).  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 17th day of August, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge